UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



February 4, 2022

Jordan Lieberman, Esq.
Steinhardt, Siskind and Lieberman, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061

Cassia Parson, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd., Room 617
Baltimore, MD 21235

RE:   *Nancy G. v. Kijakazi, Acting Commissioner of Social Security*[1]
      Civil No. GLS 20-3440

Dear Counsel:

Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Nancy G., and the Social Security Administration. (ECF Nos. 14, 15). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

I.    BACKGROUND

Plaintiff filed a Title II Application for Disability Insurance Benefits on May 22, 2018 and filed a Title XVI Application for Supplemental Security Income (SSI) payments on July 6, 2018, alleging that disability began on August 1, 2017. (Tr. 10). These claims were initially denied on September 4, 2018, and upon reconsideration, denied again on January 15, 2019. (*Id.*). On January 15, 2019, Plaintiff filed a written request for a hearing, which was granted. The hearing was conducted on January 16, 2020, by an Administrative Law Judge ("ALJ"). (*Id.*). On February 7,

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is hereby substituted as a party consistent with Fed. R. Civ. P. 25(d).

2020, the ALJ found that Plaintiff was not disabled under sections 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act. (Tr. 11-19). On October 2, 2020, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1). *See also* 20 C.F.R. §422.210(a).

## II.   ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a). *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v), 416.920(a).

At steps one through four, it is the claimant's burden to show that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 11-19). At step one, the ALJ found that Plaintiff had not engaged in

*Nancy G. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 20-3440
February 4, 2022
Page 3

substantial gainful activity since August 1, 2017, the alleged onset date of Plaintiff's disability. (Tr. 13). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: full thickness rotator cuff tear s/p arthroscopy; advanced glenohumeral arthritis left shoulder; left shoulder impingement syndrome; and obesity. (*Id.*). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by Social Security Regulation (SSR) 85-28. (*Id.*). However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 13-14). Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally reaching overhead to the left. The claimant can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, stoop frequently, kneel frequently, crouch frequently, and crawl occasionally. The claimant needs to avoid concentrated exposure to unprotected heights and moving mechanical parts.

(Tr. 14). At step four, the ALJ found that Plaintiff was unable to perform past relevant work. (Tr. 17). Before making a finding regarding step five, the ALJ conducted a hearing. At that hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same age, education, and work experience as the Plaintiff with her RFC could perform Plaintiff's prior work as a home health aide. (Tr. 18). The VE testified that this hypothetical individual would not be able to perform Plaintiff's past work. (*Id.*). At step five, the ALJ ultimately determined that Plaintiff was not disabled, because she could perform other work existing in significant numbers existing in the national economy, e.g., as a marker, router, or checker. (Tr. 19).

### III.   DISCUSSION

In requesting summary judgment, Plaintiff asserts that the ALJ's decision is not supported by substantial evidence for the following reasons: (1) the ALJ failed to adequately assess Plaintiff's RFC; and (2) the ALJ erroneously relied on the opinion of the State Agency physician. (ECF No. 14-1, pp. 4, 10-13).

With regard to the assessment of her RFC, Plaintiff argues that the ALJ did not include a narrative discussion describing how the evidence supports each conclusion. (ECF No. 14-1, p. 10). Plaintiff also appears to argue that the ALJ did not perform an adequate function-by-function assessment of her ability to perform the physical and mental demands of work. (ECF No. 14-1, pp. 10-12). The SSA counters that: (1) substantial evidence supports the ALJ's RFC finding; and (2) the ALJ properly evaluated the medical evidence of record. (ECF No. 15-1, pp. 6, 12). I find persuasive Plaintiff's argument regarding the assessment of her RFC. Accordingly, I find remand appropriate, for the reasons set forth below.

Pursuant to 20 C.F.R. § 404.1545(a)(1), a claimant's RFC captures her ability to do physical and/or mental work activities for a sustained period of time, given her limitations. An ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 404.1545(a)(2); SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996).

The Fourth Circuit has held that SSR 96-8p requires an ALJ to perform an RFC assessment that evaluates "a claimant's ability to perform the physical functions listed in [the regulations]," namely, "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d. 377, 387 (4th Cir. 2021). The Fourth Circuit has also held that remand is appropriate where the ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the [ALJ's] analysis frustrate meaningful review." *Britt v. Saul*, 860 F. Appx. 256, 262 (4th Cir. 2021) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). A proper RFC analysis should be clearly set forth in a narrative that has three components: (1) evidence; (2) logical explanation, and (3) conclusion. *Thomas*, *supra*, 916 F.3d at 312. The second component, the ALJ's logical explanation, "is just as important as the other two." *Id.*; *see also Rosalind M. v. Saul*, Civ. No. GLS 19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020). In sum, an RFC analysis must describe how the evidence supports each conclusion reached by the ALJ by citing to evidence and articulating all inferences drawn therefrom. 916 F.3d at 312-13.

In *Dowling,* the Fourth Circuit held that the ALJ erred in the RFC analysis performed in three respects. First, the ALJ erred by not using SSR 96-8p or 20 C.F.R. § 416.945 when assessing the claimant's RFC. Instead, the ALJ used the incorrect legal framework (citing to SSRs 96-7p and 16-3p), and incorrectly focused only on the intensity and persistence of claimant's symptoms, and "the extent to which the alleged severity of those symptoms [was] supported by the record." 986 F.3d at 388. This kind of "symptom evaluation" is a different kind of analysis than SSR 96-8p and other regulations require for a proper RFC assessment. *Id.* Second, the ALJ erred by first finding that the claimant had the RFC to perform sedentary work before performing a function-by-function analysis of how the claimant's impairments affected her ability to work. The *Dowling* court found that the ALJ's methodology of reaching a predetermined conclusion and then looking for evidence to support it was an inappropriate, out-of-order RFC assessment, per *Thomas*. 986 F.3d at 388. Third, despite ample evidence in the record that the claimant needed to work near a restroom and take frequent breaks, the ALJ failed to analyze that need to take breaks and whether it impacted her ability to work. 986 F.3d at 389. In sum, the Fourth Circuit found that these errors required reversal of the district court's affirmance of the ALJ's decision, and a remand for further administrative proceedings. 986 F.3d at 381.

In this case, the ALJ found that Plaintiff had several severe impairments: full thickness rotator cuff tear post arthroscopy, advanced glenohumeral arthritis in her left shoulder, left shoulder impingement syndrome, and obesity. (Tr. 13). Thus, the ALJ was required to fashion

*Nancy G. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 20-3440
February 4, 2022
Page 5

Plaintiff's RFC consistent with SSR 96-8p, *Dowling*, and *Thomas*. However, as illustrated below, the ALJ did not explicitly cite to SSR 96-8p or make explicit findings about Plaintiff's ability to "sit, stand, walk, lift, carry," nor did the ALJ discuss whether Plaintiff's ability to perform these functions impacted her ability to work. (Tr. 14-17).

The record reflects that the ALJ's assessed Plaintiff's left shoulder impairments and made several factual findings. The ALJ cited to a function report,[2] in which the Plaintiff reported "difficulty lifting, squatting, reaching, kneeling, completing tasks, and using her hands," as well as that Plaintiff could "barely use her left hand due to the pain and tenderness in her shoulder." (Tr. 14). Plaintiff also testified at the hearing that she could do a little bit of housework and cooking with her right arm and reported that she cannot reach overhead, has limited reaching in the front, cannot type, and cannot lift with her left arm. (Tr. 15). The ALJ's review of Plaintiff's medical history found that she consistently had decreased range of motion and pain in her left shoulder. (Tr. 15-17). The ALJ then evaluated the state's medical consultant determination upon reconsideration, which found that Plaintiff could perform "occasional overhead reaching with the left extremity." (Tr. 17). The ALJ deemed this report "persuasive" and "consistent with the record and [Plaintiff's] testimony." (*Id.*). As a result, the ALJ found that "the objective medical evidence, the [medical opinions], and [Plaintiff's] actual range of daily activities demonstrate that she has the residual functional capacity to perform light work with manipulative, postural, and environmental limitations." (Tr. 17). However, the ALJ neither explained how this medical opinion was consistent with Plaintiff's testimony, nor did the ALJ detail which activities demonstrated that Plaintiff could perform a full range of light work with occasional reaching.

Given that the ALJ found Plaintiff's left shoulder impairments to be severe, the ALJ needed to articulate how these impairments translated into the RFC limitation of "performing light work" with "occasionally reaching overhead to the left." (Tr. 14). *See Dowling*, 986 F.3d at 389 (remand required, where despite ample evidence in the record that the claimant needed to work near a restroom and take frequent breaks, the ALJ failed to analyze whether these severe limitations impacted her ability to work). At the January 2020 hearing, the VE testified that an RFC limitation requiring less-than-occasional reaching or no reaching at all would preclude employment. (Tr. 59). Instead of providing an accurate and logical bridge from the evidence to his RFC conclusions, the ALJ merely stated that "[a]lthough [Plaintiff] does appear to have some limitations due to her shoulder impairments and high BMI, she is still able to do most activities on her own, especially with accommodations for her left shoulder." (Tr. 17).

In sum, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." (Tr. 14). However, the ALJ did not show that his RFC assessment was rooted in a function-by-function analysis of how Plaintiff's impairments impacted her ability to work. Rather the ALJ based his assessment on SSR 16-3p, which sets out the framework ALJs use to evaluate the intensity and

---

[2] The Function Report (SSA Form 3373) is a part of a claimant's application for benefits, in which the claimant self-reports what activities he/ she can perform, as well as to what extent the claimant can perform those activities.

persistence of a claimant's symptoms. (Tr. 14). While a claimant's symptoms are certainly relevant to the RFC evaluation, the "RFC assessment is a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same." *Dowling*, 986 F.3d at 387.

As was the case in *Dowling*, I find that "The ALJ's reliance on an incorrect regulatory framework led to an erroneous RFC assessment," requiring the Court to remand this case. *Dowling*. 986 F.3d at 388. Because the ALJ's narrative did not build "an accurate and logical bridge from the evidence to his [RFC] conclusions," I cannot find that substantial evidence supports the ALJ's decisions. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)); *see also Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

Because this case is being remanded on other grounds, the Court will not address Plaintiff's contentions that: (1) the ALJ improperly assessed the opinion of State Agency physician Dr. Godwin; and (2) that the ALJ improperly evaluated Plaintiff's subjective complaints. On remand, however, the ALJ should address these arguments.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 14), is **DENIED** and Defendant's Motion for Summary Judgment, (ECF No. 15), is **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order. The Clerk of the Court is directed to **CLOSE** this case.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge